
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMALIA MENDOZA ARTIGA, AKA Amalia Artiga,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 13-71688<br><br>Agency No. A094-830-494<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 21, 2015[**]

Before:     CANBY, BEA, and MURGUIA, Circuit Judges.

Amalia Mendoza Artiga, a native and citizen of El Salvador, petitions pro se

for review of a Board of Immigration Appeals' order dismissing her appeal from

an immigration judge's decision denying her application for asylum, withholding

of removal, and protection under the Convention Against Torture ("CAT"). We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and we deny the petition for review.

Substantial evidence supports the agency's determination that, even if Mendoza Artiga's asylum application was timely, she failed to demonstrate that her claimed past persecution or feared persecution was on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992); *Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (petitioner's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Because Mendoza Artiga failed to establish past persecution, she does not have a rebuttable presumption of future persecution. *See* 8 C.F.R. §§ 1208.13(b)(1), 1208.16(b)(1)(i). Thus, Mendoza Artiga's asylum and withholding of removal claims fail. *See Zetino*, 622 F.3d at 1015-16.

Substantial evidence also supports the agency's denial of Mendoza Artiga's CAT claim because Mendoza Artiga failed to demonstrate it is more likely than not

she would be tortured in El Salvador by or with the consent or acquiescence of the government.  *See Silaya*, 524 F.3d at 1073.

**PETITION FOR REVIEW DENIED.**